CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 2 2 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ANDRE J. ASHTON, )
    Petitioner, ) Civil Action No. 7:05-cv-00766
)
v. ) **DISMISSAL ORDER**
)
UNITED STATES OF AMERICA, ) By: Hon. James C. Turk
    Respondent. ) Senior United States District Judge

Petitioner, a federal inmate proceeding pro se, seeks relief under 28 U.S.C. § 2241, although he has submitted his arguments on forms designed for filing a petition for certiorari in the United States Supreme Court. After review of the record, the court concludes that he is not entitled to relief under § 2241 and that his petition must be dismissed as a successive motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255.

I.

On December 6, 1999, a grand jury returned an indictment charging Ashton and others with conspiracy to distribute and to possess with intent to distribute 50 grams or more of crack cocaine. After hearing the evidence, a jury found Ashton guilty as to count one of the indictment. The court at sentencing made a finding as to the amount of crack for which Ashton was accountable and sentenced him to 198 months imprisonment under the United States Sentencing Guidelines. The United States Court of Appeals for the Fourth Circuit affirmed Ashton's conviction and sentence in November 2001, and the United States Supreme Court denied his petition for a writ of certiorari in May 2002 and denied rehearing in August 2002. Thereafter, Ashton filed his first § 2255 motion, which this court dismissed as untimely filed. Ashton v. United States, Civil Action No. 7:03-cv-00525 (W.D. Va. 2003). The Fourth Circuit dismissed his appeal in March 2004, and the Supreme Court denied his certiorari petition in October 2004. In his current petition, Ashton asserts that he should be resentenced because a

1

jury did not make specific findings as to the amount of drugs for which he should be held accountable.

## II.

A district court may not entertain such a claim in a §2241 petition, unless a motion pursuant to §2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). The Fourth Circuit has found that §2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A procedural impediment to §2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). A petition seeking relief pursuant to § 2241 must normally be filed in the federal district court in the jurisdiction where petition is currently confined. Jones, 226 F.3d at 332.

Ashton is currently housed in Petersburg, Virginia. Thus, the appropriate court to address his § 2241 petition is the United States District Court for the Eastern District of Virginia. However, because it is clear for reasons herein stated that Ashton is not entitled to relief under § 2241, the court cannot find it to be in the interest of judicial economy or justice to transfer his petition to that court.

Ashton argues that his remedy under §2255 was inadequate or ineffective to test the legality of his detention because the district court erroneously found, pursuant to §2255, ¶6, that Ashton did not file his §2255 motion within one year after his conviction became final. Dismissal of his §2255 as untimely does not prove, however, that the remedy under §2255 was

2

inadequate. The claims Ashton now raises could have been addressed in a timely filed §2255 motion to test the legality of his confinement. Moreover, Ashton's petition does not indicate any respect in which his case meets the standard under Jones so as to qualify for consideration under §2241. He does not point to any recent change of substantive law, and the court is unaware of any such precedent, making it legal to conspire to distribute crack. Accordingly, Ashton cannot meet the Jones standard to show that §2255 is inadequate to test the legality of his conviction, and the court must dismiss his petition for relief under §2241.

III.

As Ashton is clearly not entitled to relief under §2241, the court will construe his petition as a §2255 motion. Section 2255 motions must be brought in the court which imposed the sentence. See 28 U.S.C. § 2255; see also Swain, 430 U.S. at 378. To file a second such motion in the district court, he must receive pre-filing authorization from the appropriate court of appeals. See 28 U.S.C. §2255, ¶ 8. Where petitioner does not demonstrate that the court of appeals has issued him pre-filing authorization to submit a second or successive §2255 motion, the district court has no jurisdiction to consider the merits of his §2255 claims. As Ashton admits that the Fourth Circuit denied his petition for certification to file a successive § 2255 motion, the court will dismiss his current motion as successive. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell,

3

537 U.S. 322 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 22nd day of December, 2005.

/s/ James C. Turk
Senior United States District Judge